JOSEPH N. NORTHUP, *p. a., vs.* PEACEDALE MANUFACTURING COMPANY.

WASHINGTON—DECEMBER 16, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1)  *Surety for Costs.*

In this State the provision for surety for costs has been regarded as discretionary as to resident plaintiffs, and where the poverty of the plaintiff, his inability to furnish surety, and probable cause of action, are shown, the action should not be dismissed.

PETITION for trial.   Heard, and order of dismissal reversed.

STINESS, C. J.   This is a petition for a trial, based upon a dismissal of the action for the plaintiff's failure to comply with an order to give surety for costs.   The plaintiff is a minor, who sues by next friend.   The defendant moved for surety for costs, and the next friend filed an affidavit setting forth that he was without property of any kind; that he had made application to several persons to become surety, but he had been unable to secure such surety.   The case was thereupon dismissed.

The practice in this State of requiring surety for costs to the defendant in an action is an ancient one, a law to that effect first appearing in print in the Digest of 1719, passed May 2, 1705.   It provided that no person, not an inhabitant and freeholder in the colony, should have any writ or summons without first giving bond, with security, to refund all costs that

should accrue upon non-prosecution, nonsuit, or cast upon the trial.

The law remained substantially the same down to the adoption of the constitution in 1843, up to which time no person, not a freeholder, could have a writ without first giving security for costs, by a freeholder indorsing his name on the back of the writ or summons, to hold such indorser to pay all costs the defendant should recover.

In the Digest of 1844, p. 139, it was provided that all writs for a non-resident plaintiff should be indorsed before service by some sufficient person, an inhabitant of the State; and in any case the court, on motion of the defendant and for cause shown, might require the plaintiff to procure another or a sufficient indorser, and upon his neglecting to comply with such order the case should be dismissed with costs for the defendant.

This has continued to be the law, in general terms, but made somewhat more explicit in recent revisions.

In *Pratt* v. *Fenner*, 8 R. I. 40, Judge Brayton referred to "the uniform practice of the court" to require security for costs in the case of an irresponsible plaintiff.

It is also a common practice in other States, though not uniform, owing to differences in statutes.

The origin of the practice in the case of a next friend is pointed out in *Roy* v. *Louisville*, 34 Fed. Rep. 276, as follows: "At common law an infant could not sue except by his guardian, and it was by a statute that the privilege of suing by a *prochein ami* became established; and one of the conditions of the privilege was that the *prochein ami* should give security for costs."

The statute referred to was the statute of Gloucester, 6 Edw. I, c. 1.

By statute 11, Henry VII, c. 12, paupers were allowed to sue without paying *fees* to be paid for the prosecution of the suit, but they were not relieved from giving security for costs to the defendant. The court adds: "But not only were infants not allowed this privilege, but their *prochein ami* was required to secure to the other side his costs."

The reason given for this is that frivolous and vexatious

suits might be brought by irresponsible next friends, and that good causes of action might be prejudiced by the intermeddling of such irresponsible persons while, if left until the infant became of age, he could sue with more effect.

(1)    In this country the rule under constitutional provisions has been construed not to be contrary to such provisions, but to leave the enforcement of it to the discretion of the court in cases where enforcement would amount to a denial of justice.

A few cases, out of many, will serve for illustration.

In *St. Louis and A. & T. R. R.*, v. *Reagan*, 52 Ill. App. 488, it is held that the requiring of security is discretionary with the court.    So also *Rutherford* v. *Town*, 84 N. Y. Sup. Ct. (77 Hun.) 545; *Whitsett* v. *Blumenthal*, 63 Mo. 479; *Fulton* v. *Rosevelt*, 1 Paige, Ch. (N. Y.) 178.

· In this State the provision for surety for costs has been regarded as discretionary as to resident plaintiffs.    The discretion is implied in *Conley* v. *Woonsocket Inst.*, 11 R. I. 147, where the court, after holding that the requirement does not conflict with the constitution, suggested the query whether, in case of extreme poverty, the court would dismiss the action. The query was answered in *Spalding* v. *Bainbridge*, 12 R. I. 244, where the statute was held to leave the matter to the discretion of the court, and the court refused to dismiss but required the plaintiff to satisfy it of a probable cause of action.

It was held in *Rosenfeld* v. *Swarts*, 22 R. I. 315, to be discretionary.

The use of the words "upon cause shown" implies discretion.

A proper rule is well stated in *Rutherford* v. *Town*, *supra*, as follows: "If the court is satisfied that the action is brought in good faith, that it is not malicious or vexatious, and that the plaintiff has a *prima facie* case upon the merits, then the plaintiff should not be required to file security for costs."    The court added that a construction which, without any consideration of the merits of his case, excludes a suitor from the courts of justice because he is poor and without friends to become his security cannot be sustained.

Three elements therefore enter into the exercise of the dis-

cretion of the court, viz.: The poverty of the plaintiff, his efforts to obtain surety, and a probable case.

These inquiries guard a defendant from vexatious suits, on one hand; and a plaintiff in poverty, from a denial of justice on the other.

In this case the plaintiff, after an order by the court for surety, filed an affidavit setting forth his efforts to get surety for costs and his belief that the plaintiff had a good cause of action.

It does not appear that his inability to give security was disputed, nor that the court considered the question of a probable case. In view of the application of the rule, as stated above, we think it should have considered the latter question; for, if inability is shown, and a probable cause of action also shown, the action should not be dismissed.

For this reason the order of dismissal is reversed, and case remitted for further proceedings.

*Albert B. Crafts*, for plaintiff.

*Frederick C. Olney*, for defendant.