GEORGE L. SNOW, in equity, vs. ANDREW PRESSEY.

Knox.  Opinion May 28, 1890.

*Equity.  Mortgage.  Foreclosure.  Certificate.  R. S., c. 90, § 3, cl. 3.*

When a grantee in an absolute deed of real estate, at the same time, executes an instrument to reconvey the premises to his grantor on payment of certain specified debts, such instrument is a defeasance within the meaning of the law, and converts what would otherwise be an absolute deed into a mortgage.

The foreclosure of a mortgage, by peaceably and openly taking possession in the presence of two witnesses, as provided in R. S., c. 90, § 3, cl. 3, will not be effectual, if the witnesses fail to state the time of the entry in their certificate.

IN EQUITY.

An appeal by defendant from a decree in favor of plaintiff after hearing on bill, answer and proofs.

This was a bill in equity to redeem a mortgage.  At the hearing at *nisi prius* the presiding justice ordered the bill to be sustained, and that the defendant account, etc.

The defendant contended that he held the premises under an absolute deed; and that his agreement to reconvey them to the plaintiff did not render the transaction a mortgage.

The bill alleged, "that this conveyance and deed of quitclaim to the defendant, appearing on its face to be absolute, and with a separate instrument of defeasance, which the complainant here in court will produce, and which was then and there executed and delivered by the said Andrew Pressey to your complainant as part of the same transaction, constituted a mortgage."

It appeared that on August 16, 1878, the plaintiff quitclaimed the premises, then subject to a mortgage given by him March 3, 1874, to the defendant and one Candee his partner, to this defendant, who on the same day executed to the plaintiff the following instrument:—

"Know all men by these presents, that I, Andrew Pressey, of Brooklyn, Kings County, New York, in consideration of a conveyance of certain real estate this day made to me by George L.

Snow, of Rockland, in the county of Knox and state of Maine, to wit, a quitclaim of all of said Snow's interest in and to the premises described in a mortgage deed from said Snow to said Pressey and another, recorded in Knox Registry of Deeds in book 36, page 252, I do hereby covenant and agree with the said Snow and his heirs or legal representatives that on the receipt of the amount of the said mortgage claim of G. W. Candee of New York city and said Andrew Pressey, or an amount equal thereto, together with the interest thereon, with the amount of all other legal claims due said Candee and Pressey, I will reconvey the premises aforesaid to the said George L. Snow, his heirs or legal representatives, by a good and sufficient deed, including the interest of said G. W. Candee therein.

In witness whereof I have hereunto set my hand and seal this 16th day of August, A. D. 1878.

ANDREW PRESSEY. [L. S.]"

Candee's interest in the mortgage of March 3, 1874, was assigned and transferred May 1, 1884, to the defendant; and it was admitted by the parties that on August 16, 1878, there was a breach of the condition of this mortgage.

The plaintiff in his bill also alleged, "that the said defendant, at said Rockland, during said year of 1878, but the precise date is to him unknown, entered into said land and premises and took possession of an undivided portion thereof, viz : one lime kiln, a portion of the lime sheds and other buildings, structures and wharves, by the consent of the complainant, and as the result of an agreement and understanding between them, and has remained in possession thereof   *   *  *."

The defendant claimed, on the other hand, that he took possession of the premises under the mortgage of March 3, 1874, for the purpose of foreclosure; and put in evidence the following certificate, which he claimed was a full compliance with R. S., c. 90, § 3, cl. 3 :—

"Know all men by these presents, that I, Andrew Pressey, of Brooklyn, Kings county, state of New York, one of the mortgagees of mortgage herein described, on this sixteenth day of August, A. D. 1878, in presence of J. H. Flint and Charles H.

Pressey, openly and peaceably, not being opposed, for condition of mortgage broken, entered upon certain premises situate in Rockland, in the county of Knox and state of Maine, fully described in a mortgage deed from George L. Snow, of Rockland, to G. W. Candee, of New York, and Andrew Pressey aforesaid, dated March third, A. D. 1874, and recorded in Knox Registry of Deeds, book 36, page 252, and for the purpose of foreclosing all the right in equity of said George L. Snow to redeem the same, and that I, then and there, did in the presence of two witnesses foreclose the same in manner and form required by law.

ANDREW PRESSEY.

We, J. H. Flint and Charles H. Pressey, certify that Andrew Pressey above-named, entered upon the above described premises, for the purpose set forth in the foregoing certificate, peaceably and without opposition in our presence, and took possession of said premises for the purpose of foreclosure of said mortgage for condition broken.                    J. H. FLINT.

C. H. PRESSEY.

State of Maine—Knox, ss.                    August 16, 1878.

Then personally appeared J. H. Flint and Charles H. Pressey and made oath that the above certificate by them subscribed is true.                    Before me,

T. P. PIERCE,
*Justice of the Peace.*"

Recorded, book 1, page 183, Knox Registry.

Received August 17, 1878, 9 h., A. M.

Since August 16, 1878, the plaintiff or his wife has paid rent to the defendant for the use of the premises occupied by them.

November 11, 1887, the plaintiff made separate written demands on the defendant for an account, which was refused. The bill was filed January 5, 1888.

*Symonds and Libby, J. O. Robinson,* with them, for plaintiff.

The last mortgage is within R. S., c. 90, § 1, a conveyance appearing on its face to be absolute with a separate instrument of defeasance executed at the same time. The instrument is by deed. "It recites the deed it relates to, or the most material part thereof. It is made between the same persons that were

parties to the first deed. It was made at the time or after the first deed, and not before." *Shaw* v. *Erskine*, 43 Maine, 371, 373; *Bailey* v. *Myrick*, 50 Id. 171; *Bayley* v. *Bailey*, 5 Gray, 505; *Reed* v. *Reed*, 75 Maine, 264, 272. Says Story, J., in *Flagg* v. *Mann*, 2 Sum. 486, "the true question is, whether there is still a debt subsisting between the parties capable of being enforced in any way, *in rem* or *in personam.*" *Harrison* v. *Phillips Academy*, 12 Mass. 456. If not a legal mortgage, it is an equitable mortgage. *Stinchfield* v. *Milliken*, 71 Maine, 567. The bond for reconveyance contains no provision making an independent contract.

In equity there is a subsisting equity of redemption. *Linnell* v. *Lyford*, 72 Maine, p. 284, citing *Babcock* v. *Wyman*, 2 Curt. 386.

*T. P. Pierce and W. H. Fogler,* for defendant.

The right to redeem, being all plaintiff's interest in the premises, was extinguished by the deed of August 16, 1878. That deed absolute in form was intended to be absolute in fact. Bill treats the transaction of that date as a legal mortgage. Agreement to reconvey is under seal. The proper legal import of the transaction must be gathered from the papers, which can not be varied, explained or controlled by parol.

The three essentials to constitute a mortgage are, 1st, a particular estate, definitely described; 2d, mutuality; 3d, the defeasance must defeat, undo, render void the exact conveyance or principal deed. Greenl. Cruise, vol. 1, p. 124, vol. 2, (book 1,) p. 79; Wash. R. P. vol. 2, p. 36; Kent, Com. vol. 4, pp. 144, 147; *N. O. Nat. B'kg. Asso.* v. *Adams*, 109 U. S. 211; *Mitchell* v. *Burnham*, 44 Maine, 299; *Goddard* v. *Coe*, 55 Id. 388; *Erskine* v. *Townsend*, 2 Mass. 493; Shep. Touch. vol. 2, p. 396; Bl. Com., book 2, p. 327; Jones Mort. vol. 1, § 241; Bouv. Law Dict. and Rap. & Law. Dict. "Defeasance;" *Fuller* v. *Pratt*, 10 Maine, 197; *Shaw* v. *Erskine*, 43 Id. 371; *Kelleran* v. *Brown*, 4 Mass. 444; *Conway* v. *Alexander*, 7 Cranch, 237; *Chase's Case*, 1 Bland, 296, S. C. 17 Am. Dec. 292; *Henley* v. *Hotaling*, 41 Cal. 36, S. C. 17 Am. Dec. 304, 305; *Bodwell* v. *Webster*, 13 Pick. 415; *Horbach* v. *Hill*, 112 U. S. 144; Jones Mort. §§ 265, 269, 270,

272; *Bunker* v. *Barron*, 79 Maine, 62; *Reed* v. *Reed*, 75 Id. 264; ·
*Bayley* v. *Bailey*, 5 Gray, 505. Snow conveyed only a right to
redeem from his mortgage to Candee and Pressey. The agreement
to reconvey is a guaranty that he shall have the whole premises,
to do which required defendant to get the title of another's in-
terest and convey that to Snow. 2 Wash. R. P. p. 47; *Capen*
v. *Richardson*, 7 Gray, 364. Conduct does not indicate relation
of mortgagor and mortgagee. No settlement, or fixing upon
amount due, time or terms of payment;—but Snow becomes a
tenant and begins to pay rent. *Woodman* v. *Carman*, 43 Iowa,
504. Snow did not record the agreement until after nine years;
defendant now ready to reconvey according to its terms. Defend-
ant does not claim grantor's rights are extinguished *in toto*, being
thus willing to reconvey, and such claim is required to furnish
grounds for equitable relief.

Foreclosure valid: *Hawkes* v. *Brigham*, 16 Gray, 561; *Thomp-
son* v. *Kenyon*, 100 Mass. 108. Witnesses' certificate refers to
the part which precedes it. Quitclaim deed was an assignment
of the equity of redemption. *McIntier* v. *Shaw*, 6 Allen, 85; and
foreclosure of first extinguishes the equity of the second. Jones
Mort. § 1047; *Weiss* v. *Alling*, 34 Conn. 60.

WALTON, J. Mortgages of real estate include not only those
made in the usual form, in which the condition is set forth in the
deed itself, but also those in which an absolute deed is given and
a separate instrument of defeasance is executed. R. S., c. 90, § 1.
And if the instrument of defeasance is, in other respects sufficient,
the fact that it provides for a reconveyance instead of declaring
that the absolute deed shall become void is immaterial. The
cases are numerous in which such instruments have been held to
be valid defeasances. *Bunker* v. *Barron*, 79 Maine, 62; *Knight*
v. *Dyer*, 57 Maine, 174; *Smith* v. *Ins. Co.*, 50 Maine, 96; *Bayley*
v. *Bailey*, 5 Gray, 505; *Newhall* v. *Burt*, 7 Pick. 156; and other
cases cited on the plaintiff's brief. In none of these cases was the
"separate instrument of defeasance" other than an obligation to
reconvey.

And to foreclose a mortgage made in either of these forms, by

peaceably and openly taking possession of the premises in the presence of two witnesses, as provided in R. S., c. 90, § 3, cl. 3, the certificate of the witnesses must state the time of the entry. It is not enough for the mortgagee to make a certificate in which he states the time of the entry.  It is not enough for the magistrate to state the time when the witnesses made oath to the truth of their certificate before him ; for the oath may have been administered long after the entry.  The statute expressly requires that a certificate of the "time of such entry" shall be made, signed and sworn to by the witnesses.  And a certificate which omits to state the time, though in other particulars sufficiently full and accurate, is fatally defective and will not effect a foreclosure. The statute must be strictly complied with.  So held in *Freeman* v. *Atwood*, 50 Maine, 473.

Such being the law, the objections urged against the decree made in the court below can not be sustained.  The instrument given by the defendant to the plaintiff, at the time of the execution of the absolute deed, was clearly an instrument of defeasance within the meaning of the law, and had the effect to convert what would otherwise have been an absolute conveyance into a mortgage.  It shows very clearly that the object of the conveyance was security.  It declares that upon the receipt of the amount due upon a former mortgage given by the plaintiff to the defendant and one Candee, and all other legal claims due from the plaintiff to the defendant and said Candee, the defendant "will reconvey the premises" to the plaintiff.  The instrument contains all the essential elements of a defeasance, and necessarily converts the absolute deed into a mortgage.

And the attempted foreclosure of the mortgage, from the plaintiff to the defendant and Candee, fails for the reason that the certificate of the witnesses to the entry of the defendant is fatally defective in not stating the time of the entry.

The record before us discloses no error in the proceedings in the court below, and the entry must be,

*Decree affirmed.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.