[No. 1145.   Decided February 23, 1894.]

JAMES DIGNAN, *Respondent*, v. WILLIAM H. MOORE AND
ELLEN A. MOORE, *Appellants*.

MORTGAGES — DEED ABSOLUTE ON ITS FACE — OPTION TO GRANTOR
TO REPURCHASE.

A deed absolute on its face will not be construed as a mortgage,
although a separate writing in the nature of an option contract was
executed at the same time by the grantee agreeing to reconvey
upon certain conditions, when it appears that the grantee declined
to make a loan upon the property, and that, upon the importunity
of the grantors, he agreed to purchase their equity of redemption,
which they were about to lose under an incumbrance already upon
the property, and further, that the parties were dealing upon equal
terms and the consideration was not grossly inadequate.

*Appeal from Superior Court, King County.*

Action by James Dignan against William H. and Ellen
A. Moore to quiet title to block 6 of Lake Dell Addition
to the city of Seattle.   On August 8, 1891, the defendant
William H. Moore applied to the plaintiff for a loan of
money on the property.   The plaintiff refused to loan on
the property because it was incumbered.   Afterward Mr.
Moore offered to take $1,500 for his equity in the prop-
erty, provided he was given a six months' option for its
purchase.   Plaintiff said he would submit his proposition
to his counsel, Mr. Winsor, "and if Mr. Winsor says the
title is all right and I can give you an option for six months
in writing so that afterwards you cannot claim it is a mort-
gage, I will buy your property."   That the two parties
laid the proposition before Mr. Winsor, who said: "Yes,
I can draw up that kind of an agreement, provided Mr.
Moore won't perjure himself six months later."   Mr.
Moore answered: "I understand, and I will deed you this
property absolutely, taking an option, and if I don't buy
in six months the property is yours."   Thereupon the

land was deeded to plaintiff by the defendants, and the following agreement was signed by both parties, viz.:

"James Dignan, of Seattle, hereby agrees to sell to W. H. Moore, of the same place, block six (6) of Lake Dell addition to the city of Seattle, King county, State of Washington, and to convey the same to him by deed containing covenants against my own acts only, upon his paying to me, on or before six months from this date, the sum of fifteen hundred dollars, with interest thereon at $1\frac{1}{2}$ per cent. per month, together with all sums of money which I shall hereafter pay upon claims against the said property for county or city taxes, or for grade or other special taxes, or upon any other lien or incumbrance by mortgage thereon or otherwise, with interest thereon at $1\frac{1}{2}$ per cent. per month, on or before six months from this date.

"It is expressly understood that this agreement is an option to purchase, and not an instrument of defeasance, and that time is of the very essence of this agreement. That no partial payment can be made hereon, and that at the expiration of six months this instrument shall terminate and be void as against James Dignan, his heirs and assigns.

"That the said Moore signs this instrument for the purpose of expressly assenting to the absolute termination of all his rights under the same at the expiration of said six months upon default of his making the payments herein provided for."

From a decree quieting title in plaintiff, the defendants appeal.

*Preston, Carr & Preston*, and *W. R. Bell*, for appellants:

A deed absolute on its face, and a separate agreement by the grantee for reconveyance of the same tract of land to the grantor upon payment of the consideration named in the deed, with interest, taxes, etc., by a specified time, bearing same date as the deed, constitute together a mortgage. *Wilson v. Drumrite*, 21 Mo. 325; *Kelley v. Leachman*, 29 Pac. 849; *Brinkman v. Jones*, 44 Wis. 498; *Ewart v. Walling*, 42 Ill. 453; *Preschbaker v. Feaman*, 32 Ill. 476;

*Sharkey v. Sharkey*, 47 Mo. 543; *Benton v. Nicoll*, 24 Minn. 221; *Brush v. Peterson*, 6 N. W. 287; 1 Jones, Mortgages, § 250; *Murphy v. Calley*, 83 Mass. 107. A court of equity will construe the conveyance to be a mortgage, whatever may be the form of the contract, if the person to whom the application for the loan is made agrees to receive back his money with legal interest, or a larger amount within a specified time thereafter, and to reconvey the property. *Holmes v. Grant*, 8 Paige Ch. 243; *Brown v. Dewey*, 1 Sandf. Ch. 56; *Dennison v. Ely*, 1 Barb. 626; *Sears v. Dixon*, 33 Cal. 326.

*Winsor, Bush & Morris*, for respondent:

"The covenant or agreement to reconvey is not necessarily either at law or in equity a defeasance. And express provision that the contract for reconveyance should be regarded only as a contract to reconvey and not as an acknowledgment that the deed was intended as a mortgage, should be given effect to, if consistent with the whole transaction, as declaring the intention of the parties that it should not create a mortgage." 1 Jones, Mortgages, §§ 260, 261; *Glendenning v. Johnston*, 33 Wis. 351; *Henley v. Hotaling*, 41 Cal. 26; *Manasse v. Dinkelspiel*, 68 Cal. 405; *Page v. Vilhac*, 42 Cal. 85; *Farmer v. Grose*, 42 Cal. 173; *Richardson v. Hardwick*, 106 U. S. 252. The criterion, whether a deed absolute on its face amounts to a mortgage, as established by the courts, is, "the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt, or indemnity against the liability. On the contrary, if no such relation whatsoever of debtor and creditor is left subsisting, then the transaction is not a mortgage, but a mere sale and contract of repurchase." 3 Pomeroy, Eq. Jur., § 1195; *Turner v. Kerr*, 44 Mo. 432; *Price v. Karnes*, 59 Ill. 278; *McNamara v. Culver*, 22 Kan. 661; *Macaulay*

*v. Porter*, 71 N. Y. 177; *Albany, etc., Canal Co. v. Crawford*, 11 Or. 243; *Reed v. Bond*, 55 N. W. 619; *Conway's Ex'rs v. Alexander*, 7 Cranch, 237. Under the agreement all that Moore received was an option to purchase the lands in question. This was neither a sale nor an agreement to sell. The owner parts with his right to sell the lands for a limited period. The other party receives the right to elect to buy. See *Ide v. Leiser*, 10 Mont. 5. The option in the contract construed by this court in the case of *Drown v. Ingels*, 3 Wash. 424, is like that in this case. Similar contracts are construed as options in the following cases: *Horbach v. Hill*, 112 U. S. 144; *Dwyer v. Raborn*, 6 Wash. 213; *Chadbourne v. Stockton Savings & Loan Society*, 88 Cal. 636; *Loveland v. Fisk*, 32 Pac. 278; *Richardson v. Hardwick*, 106 U. S. 252; *Cunningham v. Duncan*, 4 Wash. 516; *Hill v. Grant*, 46 N. Y. 499.

The opinion of the court was delivered by

HOYT, J.—We deem it unnecessary to enter into a discussion of the questions of law presented in the briefs of counsel, for the reason that, conceding the law to be as claimed by appellants, the facts shown by the record will not justify their contention founded thereon. The most that appellants claim is that a deed, absolute on its face, will be held to be a mortgage when in fact it was so intended by the parties thereto, or when it was given as security for the payment of money.

The undisputed proofs in this case show that the deed under which respondent claims was not given under circumstances which make either of these reasons for holding it to be a mortgage applicable. It appears from such proofs that the respondent absolutely declined to make a loan upon the property which was afterwards deeded to him. Such property was incumbered, and the grantors in the deed were about to lose their right of redemption.

Under these circumstances, after much importunity on the part of the appellants, the respondent agreed to purchase their equity of redemption.

There is nothing whatever to show that he agreed to take it by way of security, or that it was understood between the parties that the money advanced by respondent was in the nature of a loan. It is true that it appeared by a separate writing that respondent agreed to reconvey the property to the appellants upon certain conditions, but there is nothing in the testimony to show that it was intended that the execution of this paper was to have any effect whatever in the construction of the deed. Instead thereof, directly the contrary is made to appear. If we should sustain the contention of the appellants, under the facts disclosed by this record, it would be in effect to hold that two persons standing upon an equal basis are incompetent to make a contract by which one of them shall sell to the other real estate, and make a deed thereto which shall be absolute as between the parties, and at the same time agree that the grantor in said deed shall have the right to repurchase the property sold. We are not prepared so to restrict the power of competent persons to control their property and contract in regard thereto. If it appeared in the case that any unfair advantage had been taken by the grantee in the deed, that he had obtained the property for a grossly inadequate price, or that the rights of third parties were affected, a court of equity could doubtless interfere. But there is nothing of the kind shown by this record. The parties were dealing on equal terms, and the consideration was as large as under all the circumstances of the case could have been reasonably expected.

The judgment appealed from must be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.