[No. 1812. · Decided June 1, 1895.]

ELIZABETH MEARS et al., *Respondents*, v. PAUL STROBACH
et al., *Appellants*.

ABSOLUTE DEED AS MORTGAGE — EVIDENCE.

The fact that a conveyance of property by deed and an agreement
for its reconveyance by lease for the same consideration were made
upon the same day will not raise a conclusive legal presumption
that the transaction amounts to a mortgage, but the character of
the transaction, as being one of lending and borrowing or of sale,
may be shown by evidence upon the trial.

*Appeal from Superior Court, Spokane County.*

*George Turner,* and *Adolph Munter,* for appellants.

When the conveyance and the agreement to recon-
vey on payment of the purchase money are, on their
face, of even date, the transaction is necessarily a mort-
gage, and parol evidence of a different understanding
of the parties to contradict this legal effect will not be
received to convert it into a conditional sale. 1 Jones,
Mortgages, §§ 244, 245, 248, 277; *Kerr v. Gilmore,* 6
Watts, 405; *Reitenbaugh v. Ludwick,* 31 Pa. St. 131;
*Wilson v. Shoenberger's Ex'r,* 31 Pa. St. 295; *Lanahan
v. Sears,* 102 U. S. 318; *Teal v. Walker,* 111 U. S. 246;
*Murphy v. Calley,* 1 Allen, 107; *Marshall v. Stewart,* 17
Ohio, 356.

For the purpose of showing under what circum-
stances and upon what evidence courts will declare a
deed and agreement to reconvey to be a mortgage,
counsel cited 1 Jones, Mortgages, §§ 242, 244, 266,
272–275, 278, 279, 258; *Woodward v. Pickett,* 8 Gray,
617; *Ewart v. Walling,* 42 Ill. 453; *Bearss v. Ford,* 108
Ill. 16; *Wright v. Bates,* 13 Vt. 341; *Preschbaker v. Fea-
man,* 32 Ill. 475; *Montgomery v. Spect,* 55 Cal. 352;

*Murphy v. Calley*, 1 Allen, 107; *Russell v. Southard*, 12 How. 139; *Peugh v. Davis*, 96 U. S. 332; *Miller v. Ausenig*, 2 Wash. T. 22; *Kerr v. Gilmore*, 6 Watts, 405; *Mellon v. Lemmon*, 111 Pa. St. 56; *Marshall v. Stewart*, 17 Ohio, 356; *Horn v. Keteltas*, 46 N. Y. 605.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover possession of certain real property situated in Spokane county, on account of the violation by the defendants of the terms of a written lease under which it was claimed they were in possession.

In the answer of defendants it was alleged that they did not hold possession of the property by virtue of the lease, as such; that the lease set out in plaintiff's complaint was executed by them as a part of a transaction which was substantially as follows: The defendants desired to borrow of the plaintiffs $4,000 in money, and to secure the same upon the property described in the lease. That for the purpose of so securing it, it was agreed that they should execute and deliver to said plaintiffs a warranty deed of the property, and should receive from them a lease of the premises at a rate which, after paying interest on prior incumbrances upon said property, would leave in the hands of plaintiffs a sufficient sum each month to pay interest on the money borrowed of them by the defendants. And it was contended on their part that the agreement evidenced by these instruments was in substance a loan of the money by the plaintiffs upon the security of the property, and that the deed, agreement for lease and lease together should be construed as a mortgage to secure its re-payment. While it was contended on the part of the plaintiffs that the transaction was one of purchase by them of the property in question and a lease

of the same to the defendants, with the right to pur-
chase for the consideration therein named, upon a
compliance with the other conditions named in the
lease.    Upon this issue the case went to trial, and the
result was a finding by the court substantially as con-
tended for by the plaintiffs, on which a judgment in
their favor was rendered, from which defendants have
prosecuted this appeal.

Appellants advance two propositions by which they
seek to show that the findings of fact by the superior
court were unwarranted.    The first is that the convey-
ance by the defendants and the agreement for the
lease made by plaintiffs, having been executed on the
same day, constituted in law but a single transaction
and should be construed together, and, thus construed,
conclusively establish the fact that the transaction was
one of the loaning of the money and taking security
therefor, instead of a transfer of the property so as to
vest the absolute and entire title in plaintiffs.    The
second is that if such is not the conclusive legal pre-
sumption drawn from the fact of the execution of the
papers on the same day, the evidence introduced upon
the trial so established the fact that such was the in-
tention of the parties that the finding of the court to
the contrary, having been duly excepted to, should
be set aside by this court.

In our opinion, the contention that the character of
the instruments will be conclusively established by the
fact of their execution on the same day, whether or
not they in any manner refer to each other, cannot be
sustained.    The contrary was held by this court in the
case of *Dignan v. Moore*, 8 Wash. 312 (36 Pac. 146).
In that case it was held that the fact that the convey-
ance and the agreement to re-convey were made upon
the same day would not prevent the one claiming

under the deed from showing that in fact the contract was not one for the loaning of money and securing its re-payment. It is probable that a *prima facie* presumption to the effect claimed by the appellants would flow from the facts above suggested, but in our opinion such *prima facie* presumption could be overcome by satisfactory proof that the contract was not in fact of such a nature.

As to the second proposition, we feel compelled to agree with the contention of the appellants. The exhibits introduced upon the trial *prima facie* established the nature of the contract as contended for by appellants, and the testimony, when examined in the light of all the circumstances surrounding the execution of the instruments, not only did not overcome the *prima facie* presumption flowing from such execution, but, in our opinion, tended strongly to establish the contract contended for by appellants. It is true that there was testimony to the effect that the plaintiffs refused to make a loan and would only consent to advance the money upon an absolute conveyance to them of the property. But this testimony, interpreted in the light of the instruments actually executed, and of the other facts sufficiently proven by the evidence, fails to satisfy us that the transaction was not, after all, substantially one of lending and borrowing. In our opinion, there was no intention on the part of either of the parties to do more than on the one part to secure the loan of the money and on the other to loan it and get proper security for re-payment with interest. This being so, the bare fact that they refused to loan the money and take a mortgage only tends to show that they thought they could evade the law, requiring the mortgage to be foreclosed before they could get possession of the property, by taking a deed, as

they did, and giving a lease and an option to purchase to the grantors named in the deed.

The respondents have made no appearance in this court and should not be surprised at a decision adverse to them, unless the record clearly entitles them to an affirmance. Not only is this not the case, but, as before stated, so far as we are enabled to gather the facts from the record and from the brief of appellants, the judgment of the lower court was founded upon an erroneous determination of the facts. It will therefore be reversed and the cause remanded for a new trial.

ANDERS, SCOTT and DUNBAR, JJ., concur.

GORDON, J., concurs in the result.