## BIENDORF v. THORPE et al.

No. 10764—Opinion Filed Feb. 24, 1920.

(Syllabus by the Court.)

### Costs—Exhaustion of Deposit—Dismissal of Action.

Where plaintiff has commenced his cause of action in the district court, and deposited costs amounting to approximately $30, which deposit has been exhausted, and there is unpaid costs amounting to approximately $20, the court may make an order requiring the plaintiff within a reasonable time to make a deposit to cover the unpaid costs, or file a bond in lieu thereof, and upon failure to comply with said order may dismiss said case. Held, however, it is error for the court to dismiss said case upon motion of clerk, in the absence of plaintiff or his attorney, without making such an order, and giving plaintiff a reasonable time to comply with the same.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Charles Biendorf against Pearl O. Thorpe and others. Cause dismissed by trial court upon exhaustion of costs deposit. Motion by plaintiff to reinstate cause overruled, and he brings error. Reversed and remanded.

J. S. Estes and Twyford & Smith, for plaintiff in error.

Morris & Jameson, for defendants in error.

McNEILL, J. This suit was instituted in the district court of Caddo county by Charles Biendorf, against Pearl O. Thorpe, Mayme Wyatt and Pearl O. Thorpe, as administratrix of the estate of Hiram T. Dayton, deceased, seeking to have the plaintiff declared the owner of certain lands and to have a certain deed and contract declared a mortgage and for an accounting. After the suit was filed numerous motions and demurrers were filed, and on September 20, 1918, while the case was pending upon certain motions filed by the defendants, the clerk of the district court, in the absence of plaintiff and his attorney, made an oral

motion to dismiss the case for the reason there was certain court costs due that had not been paid. The court, upon motion of the clerk of the court, dismissed plaintiff's cause of action with prejudice. The plaintiff's attorney was advised of the order of the court dismissing the case within a very few days, and called the clerk of the court over the telephone and was advised that court would not be in session for some time and that a motion might be filed to vacate said judgment. On the 21st day of November, 1918, and before court again convened, plaintiff filed his application to vacate the order of the district court dismissing said case with prejudice, and at the same time deposited with the clerk of the court sufficient money to cover all court costs. It appears from the record that the plaintiff had deposited or paid into court prior to the time the cause of action was dismissed, $29.25, and that there had accrued other costs amounting to about $19.75, which had not been paid. Plaintiff's motion to set aside the order of the court was sworn to and set up the facts in relation to the costs and the reason why the costs had not been paid. The district court overruled the motion of the plaintiff to set aside the judgment. From said order the plaintiff has appealed.

For reversal of said cause, plaintiff contends, first, that the court had no right or authority to dismiss the action with prejudice, and further contends that the court had no right to dismiss the cause of action upon motion of the court clerk. Section 5222, Rev. Laws 1910, as amended by Session Laws 1917, provides for filing of actions and depositing of sums of money with the clerk of the court in lieu of bond, and provides that in no case shall the plaintiff be required to deposit more than $10. Said section further provides that the clerk shall not be required to file any papers or issue any process if ample funds are not on deposit sufficient to pay the costs of said process, when requested to issue the same. We know of no law, nor is any cited, that authorizes the clerk of the court to make a motion to dismiss the cause. The clerk of the court is not a party to the action, and, as clerk, may refuse to file papers, but we know of no law that permits him to file a motion in the case asking to have the same dismissed. While the court might make an order requiring a deposit of money to pay the unpaid costs, and if the plaintiff failed to comply with said order, might dismiss the case, yet such are not the facts in the case at bar. This court, in the case of Deninger v. Gossom, 46 Okla. 596, 149 Pac. 220, on page 223 stated as follows:

"In the case at bar defendants were with-out immediate funds, some distance from their home and friends, and asked time to give a good and sufficient bond for costs. We think the court should have given them reasonable time to have complied with the rule, and under the facts in this case, 30 minutes were not sufficient, and we think the court abused its discretion in dismissing the appeal. Whitsett v. Blumenthal, 63 Mo. 479."

The record in this case discloses that the plaintiff had prosecuted his cause of action with diligence and that all delay had been caused by defendants in filing motions, entering appearances, and withdrawing the same. Since the plaintiff had deposited costs in the sum of $29.25, we think it was an abuse of discretion to dismiss his cause of action without first making an order requiring him to pay accrued costs, and giving him a reasonable opportunity to do so. It was suggested that the motion was not filed in the term, and therefore there was no statute authorizing the court to sustain a motion to reinstate the cause of action. We think the motion was sufficient to bring the case under subdivision 3, sections 5267 and 5268, Rev. Laws 1910.

For the reasons stated, the judgment of the district court is reversed and remanded, with instructions to reinstate plaintiff's cause of action.

RAINEY, V. C. J., and KANE, PITCHFORD. JOHNSON, HIGGINS, and BAILEY. JJ., concur.