## MIDLAND VALLEY R. CO. v. LAWHORN.

No. 10213—Opinion Filed May 17, 1921.

(Syllabus.)

1. **Appeal and Error—Review — Verdict— Action Against Railroad for Destruction of Automobile.**

The evidence examined, and held, that it was sufficient to take the case to the jury. There being evidence to support the verdict of the jury, it will not be disturbed on appeal.

2. **Evidence—Expert Testimony—Value of Automobile.**

Where a person testifies that he has been familiar with automobiles for several years, that he purchased the car in controversy direct from the dealer when it was new, had driven it ever since he had so purchased it, held, that he is competent and qualified to testify as to its value. Further held, that it was not necessary to question such witness as to his technical knowledge of automobiles before he should be permitted to testify as to its value.

3. **Railroads—Operation of Trains—Negligence.**

When a railroad company, in operating a long and heavy freight train, runs it through a town at a speed of 25 to 30 miles an hour between 11 and 12 o'clock at night and without any headlight on the engine and without giving any warning of its approach by ringing the bell, or sounding the whistle, this constitutes negligence per se.

4. **Same—Damages for Destruction of Automobile—Instructions.**

The requested instructions examined, and under the facts in this case they did not state the law, and it was therefore not error to refuse to give them.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by J. S. Lawhorn against the Midland Valley Railroad Company to recover damages for destruction of automobile. Judgment for plaintiff, and defendant appeals. Affirmed.

O. E. Swan and Blakeney & Maxey, for plaintiff in error.

C. P. Chenault and J. P. Evers, for defendant in error.

MILLER, J. This action was commenced in the superior court of Tulsa county and afterwards, by proper orders, transferred to the district court of Tulsa county. It was instituted by J. S. Lawhorn against the Midland Valley Railroad Company, a corporation, to recover $800 damages for the destruction of his automobile; $600 damages for personal injury, and $500 punitive damages. There was a verdict in favor of the plaintiff for $800 damages to the automobile. The jury did not allow anything for personal injury or punitive damages. Judgment was rendered on the verdict. The defendant filed its motion for a new trial, which was overruled, saved its exceptions, and perfected this appeal. For convenience, the parties will be referred to as they appeared in the lower court.

The plaintiff alleged in his petition that the Midland Valley Railroad Company has a line of railroad or tracks running from north to south through the town of Jenks, Oklahoma. That it maintains a depot within a few feet of and close to the Main street in said town. That said Main street runs east and west and crosses said railroad tracks at approximately right angles. That between 11 and 12 o'clock on the night of August 18, 1916, the plaintiff was on Main street and approaching said track in an automobile and was on the side where the depot was situated; the depot obstructed his view until he was close to the tracks That plaintiff was the owner of and was driving the car, but there were other persons riding with him. That he did not see the train until one of the passengers in the car with him hollowed for him to stop; he applied the brakes, slowed up and stopped just before going onto the track. That a heavy freight train was approaching at a speed of 25 to 30 miles an hour, without any headlight on the engine. The train was upon him by the time he got his car stopped, and the engine in passing

struck the car, overturned and demolished it. Plaintiff attempted to jump, and received injuries about his knee in so doing.

Defendant sets out seven specifications of error and argues the first, sixth, and seventh under this heading: There is no evidence upon which to base the verdict or judgment.

The testimony of some 10 or 12 witnesses was to the effect that the train was going at a speed of 25 to 30 miles per hour. That it did not have a headlight. That it did not whistle or ring the bell after coming into town. One witness testified about hearing a whistle a short time before the train approached and he looked for the train but could see no headlight, and that it did not whistle or ring the bell after it got into town. The testimony of these witnesses was disputed by some members of the train crew, and the evidence of one or two other witnesses disputed some of the facts testified to by the witnesses for the plaintiff. We think the evidence was sufficient to take the case to the jury. There being evidence to support the verdict of the jury and it having received the approval of the trial court, it will not be disturbed upon appeal. See St. Louis-S. F. R. Co. v. Donahoo et al., No. 11058, decided April 19, 1921, 82 Okla.—,196 Pac. 81, and other cases therein cited.

Defendant next complains that the trial court erred in the admission of testimony as to the value of the car. The plaintiff testified that he bought the car new. That it was worth $800 at the time of the accident. That he had known cars for several years, and that the car was demolished. That the fore wheels were torn down, the front axle bent, the bed knocked clear out of line, and the car completely demolished so far as its value was concerned. That it would cost as much to fix it as the car would be worth.

The defendant argues the proposition as though the plaintiff had testified that he paid $800 for the car when it was new, but the plaintiff did not so testify. He did not state what he paid for it when it was new.

The defendant further contends that the car was not totally destroyed. We think the evidence shows that the car was totally destroyed so far as any value was concerned, and the jury evidently so found.

The plaintiff clearly qualified himself as a witness to testify as to the value of the car. Placing a value on an automobile that a person bought new and has been driving since he so purchased it does not require technical skill or technical knowledge of automobiles in order to qualify the person to testify as to its value. The automobile has become so common and so much a part of our everyday life that it would be absurd to say that a man who had been familiar with cars for several years, had bought a car new, and had been driving it since he so purchased it, could not testify as to its value without stating some special qualifications which he possessed. The approximate standard of value of cars is the price at which they sell on the markets. We think the witness was qualified to testify as to its value. There being no other evidence of its value except it was worth $800, the jury was justified in finding by its verdict that it was worth $800.

The other assignments of error are: Refusal of the court to give certain instructions requested by the defendant and the overruling of the motion for a new trial. We have examined the instructions asked for by the defendant, and they do not state the law under the facts in this case. The negligence of the defendant in running its train without a headlight at a high rate of speed between 11 and 12 o'clock at night, through a town where it might reasonably expect persons to be crossing its tracks on the public streets and without giving any warning of its approach, is negligence per se. Had there been a headlight on the engine, it would have sent its rays along the track, giving warning of its approach. The plaintiff had a right to expect the railroad company to use the ordinary means and care in warning the public.

We do not find that any reversible error has been committed. The judgment of the trial court is therefore affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.