### MOBLEY et al. v. LANGFORD et al.

No. 10863—Opinion Filed Feb. 13, 1923.

(Syllabus.)

**1. Trial—Sufficiency of Instructions — Requests.**

It is not error to refuse to give a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury and the charge as a whole correctly states the law applicable to the facts in the case.

**2. Appeal and Error—Action Upon Bond—Evidence—Verdict.**

Record examined, and held, there was no error in refusing the instruction requested, and the evidence is sufficient to support the verdict rendered.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by W. C. Langford and another against R. B. Mobley and others on supersedeas bond. Judgment for plaintiffs, and defendants bring error. Affirmed.

Ledbetter, Furman & Ledbetter, for plaintiffs in error.

Green & Pruet, for defendants in error.

McNEILL, J. The plaintiffs in error, who were defendants in the trial court, were sued by the defendants in error, who were plaintiffs below, basing their right of action upon a supersedeas bond which had been given by these plaintiffs in error, whereby these plaintiffs in error retained possession of certain lands in Jefferson county. The bond was conditioned as required by law, in that character of suits where possession of land was retained pending appeal, and among other provisions was as follows: That if the judgment of the trial court should be affirmed, they would pay to the said plaintiffs (defendants in error here) the amount of said judgment and costs, and that they (plaintiffs

in error) would not commit or suffer to be committed any waste on the land, and that they (plaintiffs in error) would pay the value of the use and occupation of said property from the date of the undertaking until possession had been delivered.

The defendants filed an answer in the nature of a general denial. The case was tried to a jury, and a verdict returned in favor of the plaintiffs and against the defendants in the sum of $1,050. From said judgment, defendants have appealed.

For reversal the plaintiffs in error discuss three propositions: (1) The court erred in overruling the motion for new trial; (2) the court erred in instructing the jury; and (3) the court erred in refusing to give plaintiffs in error's requested instructions. There was no exception saved to the instructions, so that error cannot be considered. The only issue in the case was the amount the plaintiffs were entitled to recover for the use and occupancy of the premises for the years 1916, 1917, and 1918. The court instructed the jury that liability having been admitted on the part of the defendants, the only question for their consideration was the reasonable rental value of the premises for the three years. The court gave the following instruction:

"You are instructed that in arriving at what is the reasonable cash rental value of land, you may take into consideration all the facts and circumstances that have been admitted in evidence and determine therefrom what is the reasonable cash rental value of the land in controversy for the years 1916, 1917, and 1918, and render a verdict in accordance with your best judgment as to that particular fact."

The defendants, however, requested the court to advise the jury as follows:

"You are instructed that if you find from the testimony that the land had a cash rental value, as distinguished from crop rent of one-third of all grain raised and one-fourth of all cotton raised, and this was the prevailing custom of renting land in the community, then your verdict shall be in favor of the plaintiff and against the defendants for the rental value as shown from the testimony on the money rental value of the land."

This requested instruction was refused and exceptions saved. Plaintiffs in error contend the court erred in refusing to give the requested instruction, because the instruction given did not present the theory of defendants in the trial court, but permitted the plaintiffs to recover on the basis of the reasonable rental value of the land, as to what land made on the basis of one-fourth of the cotton and one-third of the grain. We can-

not so construe the instruction. There was no evidence in the record as to the amount of cotton or grain that had been produced from the premises during the years in controversy. The evidence was conflicting as to the rental value of the land. The witnesses of the plaintiffs placed the reasonable rental value of the land at from $300 to $500 per year. One of the defendants stated the land under cultivation was about 66 acres, that the cultivated land was worth about $2.50 per acre and the pasture land about $1 per acre, and making the rental value of the land approximately $200 per year. It appears the requested instruction was substantially embodied in the instruction given and the defendant had the full benefit of the principle involved. This court in the case of Carden v. Humble, 76 Okla. 165, 187 Pac. 104, stated as follows:

"It is not error to refuse to give a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury and the charge as a whole correctly states the law applicable to the facts in the case."

The evidence introduced in the trial of the case was based upon what the actual cash rental value of the premises was. Some of the witnesses were asked upon cross-examination if they based their conclusion upon what the land actually made or the rental upon a money basis. The witnesses responded that the nature of the land and what the land would produce had a great deal to do with what it was worth, but no witness was permitted to testify, nor was there any evidence of, what the land produced each year.

Under this state of the record, we think there was no error in refusing the requested instruction, and there is ample evidence to support the verdict of the jury.

For the reasons stated, the judgment of the court is affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.