## COOPER et al. v. SHIDLER et al.

No. 13398—Opinion Filed March 11, 1924.

### Appeal and Error—Failure to Serve Case-Made on Party—Dismissal.

Where a reversal is sought upon a case-made, such case-made or a copy thereof must be served on each adverse party or his attorney. A failure to serve such case-made upon one of such parties, who might be prejudicially affected by a modification or reversal of the judgment, defeats the jurisdiction of this court, and requires a dismissal of the appeal.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Lorena Hardy Cooper et al. against E. S. Shidler et al. to quiet title to real estate. Judgment for defendants. On motion, plaintiffs' appeal is dismissed for want of jurisdiction.

Sargent & Carr, for plaintiffs in error.

Sam K. Sullivan and R. J. Shive, for defendants in error.

Opinion by ESTES, C. Lorena Hardy Cooper, et al. sued E. S. Shidler, Hugo Milde, J. S. Hutchins, Waite Phillips, and the Phillips Hawkeye Drilling Company, a corporation, in the district court of Kay county to quiet title to certain described 240 acres of real estate. From judgment for defendants, plaintiffs attempt this appeal.

It is only necessary to consider one of the several grounds on which defendants Shidler and Milde move to dismiss this appeal. The trial court found that Milde was the owner of a certain 80 acres of such real estate and quieted title in him thereto. Plaintiffs alleged that said Milde had executed an oil and gas mining lease on such 80 acres to Waite Phillips and Phillips

Hawkeye Drilling Company and prayed for cancellation of same. The last two named defendants answered, setting up said lease, claiming title under Milde, and prayed judgment validating their lease. The judgment of the trial court quieted title to said 80 acres in said Milde, but made no reference to the rights of said defendants under said lease. The case-made herein was not served upon Phillips or the Phillips Hawkeye Drilling Company. In fact, it is stated in the brief of plaintiffs that they are seeking no relief against Phillips or Phillips Hawkeye Drilling Company, for that plaintiffs can adjust their differences with them "along the line of opinion of the court to be rendered in this case". The judgment of the trial court quieting title to such 80 acres in Milde had the effect of validating said lease in so far as this lawsuit is concerned. Plaintiffs seek reversal of said judgment by this attempted appeal.

Questions depending on evidence are involved and are reviewable only on case-made or bill of exceptions. Charles v. Prentice et al., 88 Okla. 236, 212 Pac. 585. In Best Producing & Refining Co. v. Fagan et al., 90 Okla. 270, 217 Pac. 368, it is held:

"Where a reversal is sought upon a case-made, such case-made or a copy thereof, must be served on each adverse party or his attorney. A failure to serve such case-made upon one of such parties, who might be prejudicially affected by the modification or a reversal of the judgment, defeats the jurisdiction of this court, and requires a dismissal of the appeal."

It is evident that should this court reverse the judgment herein, the rights of Phillips and Phillips Hawkeye Drilling Company might thereby be prejudicially affected. Wherefore, the jurisdiction of this court to entertain this appeal is defeated and this appeal is accordingly dismissed.

By the Court: It is so ordered .