## No. 9868.

## Orleans Appeal.

## WILLIAM H. HENDREN v. CRESCENT CITY SELTZER AND MINERAL WATER COMPANY, INC.

(February 16, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Insurance—Par. 16**

It is immaterial that plaintiff, as owner of an insured automobile, has been paid by the insurer for damages to the car alleged to have been caused by defendant's fault. Such a fact furnishes no legal defense. Plaintiff's objections to proof of such indemnification is properly maintained by the trial court, the insurer not being a necessary party to the suit brought in the name of the insured.

2. **Louisiana Digest—Appeal—Par. 625, 635**

Where plaintiff testifies to the actual itemized repairs made necessary because of the damages to his automobile, and where the nature of the damage is made certain by a preponderance of evidence, the court will allow the costs of the repairs when convinced that they are reasonable and when no evidence to the contrary has been offered.

3. **Louisiana Digest—Municipalities—Par 221, 225; Automobiles—Par. 4.**

On a two-way, double-tracked street, vehicles should keep to the right and off of the car tracks, unless forced to pass another vehicle or obstacle. To drive on the left track and left portion of the street and against the direction in which vehicles on such side have a right to move or park, is a violation of traffic ordinances, and is negligence which, when causing an accident, renders the violator liable.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the First City Court for the City of New Orleans, Section "A", Hon. L. L. Labatt, Judge.

This is a damage suit for repairs to automobiles arising out of a collision.

There was judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Gordon Boswell, C. Milo Williams, attorneys for plaintiff and appellee.

C. S. Hebert, attorney for defendant and appellant.

BELL, J. This is a suit for damages arising from a collision of defendant's truck with plaintiff's automobile. The amount sued for represents costs of material and labor, paid by plaintiff for repairs made necessary by the accident. There was judgment for this amount and defendant has appealed.

The petition, to which is annexed the itemized and receipted bill for repairs, charges negligence against defendant in that defendant's truck was being driven recklessly and at a high rate of speed, in a southernly direction, on the wrong side of North Peters Street, between St. Ann and Dumaine Streets, all in violation of traffic ordinances of the City of New Orleans. It is further alleged that while the truck was being thus driven, it collided with plaintiff's car, which was parked in a northernly direction against the river side curbing of North Peters Street, between the cross streets aforementioned. The defense is a general denial, but in supplemental and amended answer, defendant specially avers:

"That at the time of the collision in question the automobile of the plaintiff was not parked, but that a lady operating said machine was in the act of backing same into the street, from the position where it had been parked; that said backing of the machine into the open street was done without warning or signal and in defiance of the rights of persons and vehicles that were moving on the street proper; that the automobile of the plaintiff was backed onto the roadway, directly in front of the machine of defendant, and the collision was caused entirely by the fault and

carelessness of the operator of plaintiff's car."

This special defense is not supported by the evidence. There were three witnesses to the accident, to-wit: the plaintiff's wife, as driver of his car, the defendant's chauffeur, operating the truck, and the driver of another car parked directly behind plaintiff's car. There is no dispute as to the fact that defendant's truck was being driven at the time of the collision on the river side of North Peters Street, while going in a southernly or uptown direction, and while on the left or river side car track. This was in direct violation of the traffic ordinances requiring vehicles to keep well to the right of the road. The truck does not appear to have been driven at an excessive rate of speed, but there are no circumstances to be gathered from the record which justify or explain the violation of the traffic laws in the respect just noted. The truck driver testifies that the collision was caused by plaintiff's car being suddenly backed without warning from the curb into the roadway across the down-going car track, on which defendant's truck was then being driven. This theory of the accident is entirely refuted by the testimony of the other two eye witnesses to the collision. Plaintiff's wife testifies that she had just moved her car from its parked position alongside of the curbing, where we find she had a right to be. It appears that while she was slowly passing another car parked directly in front of her, that defendant's truck advanced in an opposite direction from which she was attempting to go, and also from the opposite side of North Peters Street. This witness swears that her automobile was on neither of the two car tracks running along North Peters Street, but was on the roadway between the river side curbing and the track nearest thereto, and was in this position when the truck suddenly swerved across both

tracks in a rectangular direction from that in which it was first proceeding, and that it bore down upon her, colliding into the left side of her car. The nature and extent of the physical damages to the car satisfy us that this witness' description of the manner in which the accident occurred is substantially correct, though the oncoming truck must have been going in a diagonal rather than a rectangular direction across North Peters Street. This witness, on cross-examination, admits that for a few moments just before the collision, her car was in slow motion several feet from the curb and not parked there. The inconsistencies of this evidence with the allegations of the petition as to the exact location of the automobile is of no consequence, for the reason that it has been shown by a preponderance of evidence that plaintiff's car was at all times where it had a right to be and was at the very moment of the collision at a standstill, though it was several feet from the curb. Witness swears that on seeing the truck bearing down upon her, she brought her car to a full stop before being struck. Her testimony in every respect is substantially corroborated by the driver of the car, which was parked immediately behind plaintiff's car at the moment before it was moved from the curb. The testimony of the truck driver is sufficient to establish without further evidence his reckless disregard of the traffic ordinances. In an effort to free himself from the responsibility for the accident, he swears that plaintiff's car backed out suddenly across his right of way; that he struck the car with the "nose" of the truck, that is, headon, and that he immediately got down from his truck after the collision for the purpose of carefully examining the extent of the damage to plaintiff's car. Despite this careful examination which he swears he made to the whole car, he testifies that the only damage he found

was to the left rear fender of plaintiff's car. Under the theory of the accident advanced by him, only the left rear fender would have been injured, but testimony of plaintiff's wife and of their witness, whose car was immediately behind plaintiff's car, is all to the effect that the entire left side of the car, that is, the left front door, the running board and both left fenders, were so demolished as to require complete replacement. These damages convince us that the truck crossing over from the right or lake side of North Peters Street, and while traversing the river side car track of said street, where it should never have been, ran diagonally into and across the entire left side of plaintiff's car. There can be no doubt that the accident was wholly caused by the negligence of defendant's driver and that anything done or left undone by the plaintiff's wife could have, in no manner, contributed to the accident. Judgment fixing the liability upon defendant is correct.

It is contended by counsel for defendant that no recovery can be had by plaintiff for the reason that he has been fully indemnified by the insurer of his car, and that for the further reason, plaintiff has failed to offer or to prove by competent evidence the itemized bill annexed to his petition. We find no merit in either of these contentions. It is immaterial that plaintiff's car was insured or that he has been paid the damages sustained, the amount of which is now claimed against defendant. Defendant's liability cannot be affected by such facts, and he can neither plead nor attempt by evidence to prove such defense. The ruling of the trial judge, excluding such proof, was correct. This court has previously so held in the cases of Colovich vs. National Fish and Oyster Company, 8 Ct. Appeal, p. 47 (writ denied by Supreme Court); Henican vs. Baldwin, 9762 Orl.

App.; Hanton vs. N. O. Light & Power Company, 124 La. 562, 50 South. 544. See also Briffith vs. Keller, 147 La. 546, 85 South. 233; State vs. Bell, 153 La. 823, 96 South. 669.

As to the itemized receipted bill—it cannot be considered because never offered, but abundance of proof, uncontradicted, has been produced to satisfy this court as to the exact items of damages, and the corresponding items of repairs made necessary in order to restore the plaintiff's car to the condition in which it was before the accident. Competency of such evidence has been frequently upheld. (178 N. W. 238; 198 Pac. 586; 237 S. W. 848; 211 Pac. 760.)

Plaintiff's wife and their other witness to the accident, as well as plaintiff himself, who saw the car shortly after the collision and before the repairs were made, have all testified as to the exact extent of the damage, and the plaintiff, when under cross-examination, stated in detail and with certainty as to the items of repair, as well as to the amounts paid for said items. The largest item of repair is for labor and paint used in repainting the entire car. Considering the extensive damages to the entire left side of the car, we are of the opinion that a repainting of the entire car was necessary, and we find that the price was reasonable. Although defendant was given full notice from the itemized statement annexed to the petition as to the exact extent of the repairs, and although plaintiff has testified without objection concerning the exact expenditures made and the reasonableness thereof, nothing in contradiction of this evidence has been offered. In the absence of contradictory proof, the items claimed should be approved. We have so held in similar cases —Cundiff vs. Imbrigulia, 8297 Orl. App.; Henican vs. Baldwin, 9762 Orl. App.

We find no error in the judgment of the trial court or in the quantum of damages allowed.

It is, therefore, ordered that the judgment appealed from be and the same is hereby affirmed, at defendant's costs in both courts.