**BEINDORF v. THORPE et al.**

No. 17275. Opinion Filed Jan. 4, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

1. **Trial—Sufficiency of Instructions— Refusal of Requests.**

Where the court gives an instruction correctly stating the law upon a given point, it is not error of the court to refuse to give a requested instruction substantially covering the same ground or involving the same question.

2. **Damages—Special Damages for Breach of Contract —Necessary Showing.**

One seeking to recover special damages for breach of contract must show that such damages were within the contemplation of both parties to the contract at the time of entering into the same, otherwise he can only recover such damages as in the usual course of things flow from the breach.

3. **Mortgages—Action to Declare Absolute Deed a Mortgage and Accounting for Rents—Rental Value for Agricultural Purposes Alone and not for Oil and Gas Development Recoverable Under Contract.**

Where B. delivers possession of lands to

D. for agricultural purposes under an agreement that D. will apply the rents and profits from the land when used for such purposes to the payment of an indebtedness due D. from B., and during D.'s occupancy of the land B. has an opportunity to lease the lands for oil and gas prospecting purposes held, in an action by B. for an accounting of rents and profits, B. may not recover of D. the rental value of the lands for such oil and gas prospecting purposes.

4. **Appeal and Error—Remand—Erroneous Noncompliance with Directions for Accounting of Rental Value of Premises.**

Where the Supreme Court remands a cause to the trial court with directions to have an accounting of the rental value of certain premises and ascertain the amount due defendants, crediting the plaintiff with the reasonable rental value of the premises, it is error to admit in evidence the amount received by the defendants as rentals, the true measure of credits to which the plaintiff is entitled being the reasonable rental value as disclosed by the evidence.

5. **Appeal and Error—Reversal—Judgment Founded on Findings Without Supporting Evidence.**

Where special interrogatories are submitted to a jury, and there is a total lack of competent evidence to support the answers thereto as found by the jury, a judgment founded upon the answers to such interrogatories will be reversed on appeal.

6. **Mortgages—Action to Declare Absolute Deed a Mortgage and for Accounting for Rents—Attorney's Fees not Allowable.**

In an action to declare a deed absolute on its face, a mortgage, and for accounting for rents and profits, the contract between the parties not providing for attorney's fees, it is error for the court to allow attorneys' fees in such action.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Charles Beindorf against Pearl O. Thorpe and Mayme Wyatt to have a deed declared a mortgage. From a judgment for defendants on the accounting, plaintiff appeals. Reversed and remanded.

Twyford & Smith, for plaintiff in error.

Morris, Johnson & Wilhite, for defendants in error.

Opinion by RUTH, C. This action was filed in the district court of Caddo county, June 26, 1917, and plaintiff, Charles Bein-

dorf, prays that a deed, absolute on its face, be declared a mortgage; prays an accounting for rents and profits, and that he be permitted to redeem the lands.

Pearl O. Thorpe and Mayme Wyatt, defendants, are the heirs of Hiram T. Dayton, deceased.

This is the third time this case has been before this court. Beindorf v. Thorpe et al., 77 Okla. 229, 188 Pac. 102; 90 Okla. 191, 203 Pac. 475. And in Beindorf v. Thorpe et al., 90 Okla. 191, 203 Pac. 475, this court held the deed to be a mortgage, and reversed and remanded, with directions to the trial court:

"To grant a new trial and have an accounting as to the rental value of the premises and ascertain the amount of money due defendants, crediting the plaintiff with the reasonable rental value of the premises during the time the same were occupied by Dayton and his heirs, and render judgment decreeing the deed to be a mortgage and permit the plaintiff to pay the amount of the indebtedness found to be due and make redemption of the property."

After the mandate of this court was spread of record in the district court of Caddo county, plaintiff obtained leave to file and did file his amended petition, in which he alleges that in 1914 he delivered possession of the farm to Hiram T. Dayton under an oral agreement that Dayton would manage the farm and apply the reasonable rental value thereof each year, first, to the payment of taxes; second, to pay interest at the rate of 8% per annum, and the residue, if any to be applied to the principal debt. Plaintiff also prayed damages for waste, alleging defendants had permitted and suffered destruction of the buildings, vineyards, and orchards, and had permitted some of the land to "wash," thereby rendering it valueless. Plaintiff further claimed damages of $8,000, alleging that in the latter part of 1917, all of 1918, and the early months of 1919, this sum represented the reasonable "bonus" value of the premises for oil and gas lease purposes, and further prays damages in the sum of $960, representing the reasonable rental value of $1 per acre for the 160 acres for a period of six years, and further alleges the reasonable rental value of the land for agricultural purposes was $500 per year. Under the opinion of this court in Beindorf v. Thorpe et al., 90 Okla. 191, 203 Pac. 475, there remained for the trial court to determine the amounts due on accounting.

The cause was tried to a jury and submitted to it under certain instructions by the court and objected to by plaintiff, and plaintiff saved exceptions to the introduction of certain evidence and to the refusal of the court to give certain instructions requested by plaintiff.

Some 13 interrogatories were submitted, one requiring the jury to determine if waste had been committed, which was answered in the negative. The other 12 required the jury to ascertain the reasonable rental value of the lands for each of the 12 years the lands were in possession of defendants, and this rental value was placed for each and every year at $200 per annum, and it was agreed the court might compute interest and determine the amount due, and the court rendered judgment for defendants in the sum of $5,498.66, including an attorney's fee of $300 for defendants' attorney, and ordered the lands sold to satisfy the judgment, and plaintiff appeals and brings this cause here for review upon petition in error and case-made.

It is the opinion of this court, after a review of the record and briefs, that this cause should be reversed and remanded for the reasons hereinafter appearing, but we deem it necessary to pass upon certain questions to the end that they may not be again presented to this court in the event of an appeal from any judgment rendered in the trial court hereafter.

Plaintiff's requested instructions are prefaced by a recital of the allegations of the plaintiff's petition, as, for instance, in requested instruction No. 2, that portion of the plaintiff's petition wherein it is set out that when the defendants took possession of the land it was in a high state of cultivation, to wit, fruit trees, grape vines, fences, buildings, etc., and then follows the allegations of their destruction, and the washing away of the land, etc., and this is followed by the instruction that:

"If the jury believe from a preponderance of the evidence that the defendants have committed waste upon the premises in question, as above alleged, that the plaintiff will be, and is entitled to recover in this action therefor," etc.

While it is necessary and proper for the court to instruct the jury by advising it of the allegations of the petition and the defense set up in the answer and thus presenting to the jury the issues in the case, this court cannot approve of a practice of setting out the allegations of the petition in each and every requested instruction, as this would have a tendency to unduly im-

press upon the jury the one side of the case to the prejudice of the adversary. for where the plaintiff's claim is submitted to the jury by a repetition of the allegations of the petition, this should be immediately followed by allegations of the answer, constituting the defense.

The court did so instruct the jury as to the issues, and further instructed them that if they found that waste was occasioned by the failure of the defendants in exercising prudence and care in pruning the vines and trees, etc., defendants would be liable for damages so occasioned.

"It is not error to refuse a requested instruction which was covered by the instructions given." Midland Valley R. Co. v. Lawhorn, 81 Okla. 288, 198 Pac. 586; Citizens Bank of Wakita v. Garnett, 21 Okla. 200, 95 Pac. 755; Mobley v. Langford, 88 Okla. 236, 212 Pac. 984; Hammons v. Langford, 88 Okla. 241, 212 Pac. 985; Kelly v. Cotner, 89 Okla. 274, 215 Pac. 413.

The jury found by their answer to the special interrogatory that no waste had been committed by defendants, and while the evidence was conflicting, this court will not, on appeal, in an action at law, weigh the conflicting evidence for the purpose of ascertaining where the weight lies, but if there is any competent evidence reasonably tending to support the verdict, the same will not be disturbed. Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Thompson v. Hashberger, 87 Okla. 267, 210 Pac. 922; Pickard v. Mascho, 89 Okla. 125, 213 Pac. 848; Municipal Excavator Co. v. Walters, 97 Okla. 14, 220 Pac. 456; Shipman v. Conrad, 97 Okla. 216, 223 Pac. 183.

The next assignment of error has to do with the rejection of evidence offered by plaintiff and a refusal to give an instruction covering this offered evidence, but we may consider them together, for the reason that if the offered evidence was properly excluded it follows as a necessary corollary that no error was committed in refusing to give the requested instruction.

In plaintiff's amended and supplemental petition, he alleges that between the years 1917 and 1919 he could have obtained a bonus of $8,000 for an oil and gas lease, and could further have obtained $1 per acre for such leases for a period of six years, and by reason of the refusal of defendants to join in the lease, he suffered damages totaling $8,960, and offered proof that such an offer was made to plaintiff. This tender was by the court excluded and plaintiff alleges error in the ruling. It is not controverted that when Hiram T. Dayton took possession of this land, he only agreed to rent it for agricultural purposes and apply the reasonable rental value for this specific purpose to the payment of interest, taxes, etc. Oil and gas production was unheard of and unthought of in this vicinity when Dayton entered into possession, and oil and gas bonuses and leases were not in contemplation of the parties when they entered into the agreement for possession. The plaintiff alleges and the record discloses that the oil boom or excitement was of short duration, and at the time of the trial this land was valueless for oil and gas production, or bonuses or leases. The value thereof in 1917-1919 for this purpose was purely speculative and fictitious, and while the plaintiff alleges he at that time offered to pay defendants any sums due them on the mortgage. there is not a scintilla of evidence introduced in support of this allegation of tender, and the tender was specifically denied by the defendants.

Oil and gas bonuses and leases not being in contemplation of the parties when the contract was entered into, we think brings this case within the rule announced in M., K. & T. Ry. Co. v. Foote, 46 Okla. 578, 149 Pac. 223, where this court held:

"One seeking to recover special damages for breach of contract must show that such damages were within the contemplation of both parties to the contract; otherwise, he can only recover such damages as in the usual course of things flow from the breach." See C., O. & G. Ry. Co. v. Jacobs, 15 Okla. 492, 82 Pac. 502.

The rule is laid down in 17 C. J. pp. 742-744, section 76, as follows:

"The damages to which one party to a contract is entitled because of a breach thereof by the other, are such as arise naturally from the breach itself, or such as may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract as a probable result of a breach thereof. Conversely, damages which do not arise naturally from a breach of the contract, or which are not within the reasonable contemplation of the parties. are not recoverable. The rule as to liability is the same whether the contract is violated by an act of commission or omission. and. without regard to the motives of the party breaking the contract."

And at page 746, section 77, of 17 C. J., it is said:

"Damages arising out of special circumstances surrounding the contract and dif-

ferent from those which would naturally and probably flow from the breach of such a contract may be recovered, where it is shown that at the time of making the contract the defaulting party had knowledge of such special circumstances. In the absence of proof of knowledge of such special circumstances by the defaulting party at the time the contract is entered into, only the amount which would arise generally and in the great multitude of cases not affected by any special circumstances from such a breach of contract may be recovered."

Hadley v. Baxendale, 9 Ex. Rep. 341, opinion by Alderson, B., was followed and cited with approval and followed by this court in M., K & T. Ry. Co. v. Foote, supra.

There is, however, a greater or more cogent reason why Charles Beindorf could not recover for the reasonable rental value of the land for oil and gas prospecting purposes during the years 1917-18-19-20-21, which rendered the offered evidence of the land's value for such purpose objectionable.

On February 23, 1917, plaintiff, Charles Beindorf, and Veta B. Beindorf executed an oil and gas lease on this land to W. Frank King for the "sum of $25 cash and other valuable consideration, in hand paid, the receipt of which is hereby acknowledged."

The lease provided for a ⅛th royalty of oil produced and payment for gas produced at the rate of $150 per year per well and the payment of $160 or $1 per acre for renewals, provided a well was not begun within a specified time.

Before executing this lease, plaintiff had filed his lis pendens notice. Thereafter Solon W. Smith. one of the plaintiff's attorneys of record in this case, appears to have acquired an interest in the lease to W. Frank King. When this interest in the lease was acquired by Smith, does not appear from the record.

On February 15, 1919, W. Frank King and Solon W. Smith filed their answer in this cause in which they allege they are the owners of the oil and gas lease executed by the Beindorfs, and their ownership is not denied by plaintiff in his pleadings or in the offered testimony, and therefore plaintiff, having parted with all his interests in the oil and gas rights, except the royalties, and having acknowledged the receipt of the consideration therefor, had nothing to convey respecting the oil and gas rights, and therefore could not have been damaged by a subsequent refusal of defendants to join plaintiff in another lease

to one Moore, even admitting defendants did refuse and admitting Moore would have paid $8,000 for such a lease. Plaintiff could not have executed a valid lease to Moore while the King lease was in full force and effect.

Defendants have filed a reply brief in which the question of plaintiff's right to recover the reasonable rental value for oil and gas prospecting purposes during 1917-18-19 is fully presented, but for the reasons above stated it is unnecessary to discuss a question of a right shown by the plaintiff's pleading and evidence he did not possess.

Plaintiff further offered to prove that King and Smith "agreed to either assign or release the same (the lease) whenever title shall be obtained." If "title was obtained" by plaintiff it could not have been until 1922, when this court reversed the trial court and declared the deed to be a mortgage, and it was admitted that at that time the oil bubble in that vicinity had burst and the land was valueless for oil and gas prospecting purposes.

Nowhere in the pleadings or in the evidence does it appear that this offer to release or assign the lease "when title was obtained" was ever made until the trial of this cause on September 18, 1925, or three years and seven months after February 15, 1922, the expiration date of the lease, and therefore when the offer was made King and Smith had nothing to assign or release. The evidence was properly excluded.

Plaintiff alleges in his amended and supplemental petition that Dayton agreed to farm the land or cause the same to be farmed and apply the rents and profits to the indebtedness of plaintiff, and it is clearly apparent that the possibility of oil or gas bonuses or leases was not in contemplation of the parties when possession was surrendered by plaintiff, and having accepted the lands for farming purposes, defendant could not be required to surrender the lands or any portion for oil or gas prospecting purposes.

That the verdict of the jury is contrary to the evidence and there is no evidence reasonably tending to support the same, there can be no doubt. Plaintiff's witnesses testified the reasonable rental value of the land for agricultural purposes was from $300 to $450 per year, and the defendant Pearl O. Thorpe testified that the reasonable rental value of the land was $300 per annum, and under the evidence

the jury was not justified in finding the rental value of the land was less than $300, but the court in ascertaining the amount due the defendants, accepted the verdict of the jury placing the rental value at $200 per annum, which was $16 per annum less than the annual interest, and if this annual deficit for 12 years were added to the principal debt of $2,700 plus $940.36 paid as taxes, plus $259.55 repairs, could only amount to $4,092.91, notwithstanding which the court proceeded to render judgment in favor of defendants in the sum of $5,498.66. This sum was clearly excessive and erroneous. Had the court instructed the jury that under the evidence it was their duty to find the rental value of the land to be not less than $300 and not more than $450, and had the indebtedness of plaintiff been computed on the basis of $300 rental value of the land, applying the surplus above interest and taxes to the reduction of the principal and the consequent reduction of the interest charges per annum, the defendant would be entitled to judgment in the sum of $2,855.76, exclusive of attorney fees. We cannot conceive how the jury arrived at the sum of $200 as the annual rental value of this land, unless it was by reason of the fact that defendant was permitted to introduce in evidence a statement, over the objections of plaintiff, of what she received from the land in rents, which ranged from $17.78 per annum to $300 per annum during the 12-year period.

The admission of this testimony was clearly erroneous. This court, in Beindorf v. Thorpe et al., 90 Okla. 191, 203 Pac. 475, directed the trial court to ascertain the reasonable rental value of the land, and credit plaintiff with the same on taxes, interest, and principal, and did not instruct the court to compute the plaintiff's credits on a basis of what defendants had received for the land as rentals.

Defendants in their brief recommend that the judgment be reduced to $4,307.91, while the plaintiff, not conceding that any judgment could be rendered for defendant, contends that under the evidence the judgment could not be in excess of $3,524.44, less $300 erroneously allowed as attorneys' fees, thereby reducing the judgment to $3,224.44.

The court allowed and taxed as a part of the costs in this case the sum of $300 as attorneys' fees to be paid to defendants' counsel. There was no agreement in the deed, afterwards declared by this court to be a mortgage, nor in any written agree-

ment, that attorneys' fees might be charged against the plaintiff, and the record does not disclose there was any evidence introduced tending to prove the value of the services rendered by the defendants' attorneys, and even though the contract had provided for attorneys' fees, without specifying the amount, this case would fall squarely within the rule announced by this court, that:

"Where an action is brought upon a promissory note which provides that the drawers and indorsers agree to pay an attorney's fee without specifying the amount; * * * it is error for the court to fix the amount of attorneys' fees without a hearing on the question and the taking of evidence to determine what is a reasonable fee in such case." Getman v. Hayhow, 103 Okla. 161, 229 Pac. 559; Holland Banking Co. v. Dicks, 67 Okla. 229, 170 Pac. 253.

For errors occurring at the trial as herein pointed out, this cause should be reversed and remanded, with directions, to grant the plaintiff a new trial.

By the Court: It is so ordered.